## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **VERONICA T. JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-23-947-STE** |
| | ) | |
| **MARTIN O'MALLEY,** | ) | |
| **Commissioner of the** | ) | |
| **Social Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for insurance benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. _____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **DISMISSES** Plaintiff's action.

## I.    PROCEDURAL BACKGROUND

On October 10, 2013, Ms. Johnson applied for supplemental security income (SSI), alleging disability beginning January 1, 2013. (TR. 12). Initially and upon reconsideration, the Social Security Administration (SSA) denied the claim. (TR. 12). Following an

administrative hearing, an administrative law judge (ALJ) issued an unfavorable decision on September 23, 2015. (TR. 12). The Appeals Council affirmed the ALJ's decision and Ms. Johnson did not appeal that order. (TR. 12).

On July 1 & 2, 2019, the claimant filed applications for disability insurance benefits (DIB) and SSI, respectively, alleging disability beginning March 14, 2013. (TR. 12). The claims were denied initially and on reconsideration, and Plaintiff requested an administrative hearing. (TR. 12). A hearing was held, and Ms. Johnson voluntarily waived the right to personally appear and testify. (TR. 12). On April 24, 2020, the same ALJ who had adjudicated Plaintiff's first application issued a second decision on both applications. (TR. 12). In that decision, the ALJ found that because Plaintiff had no "severe" medically determinable impairment prior to the date last insured, the prior decision dated September 15, 2015 remained in effect and the claim for DIB was administratively dismissed under the doctrine of res judicata. (TR. 13). The ALJ considered the SSI application and denied relief. (TR. 13). The Appeals Council denied Plaintiff's request for review and Ms. Johnson did not appeal that order. (TR. 13).

On January 4, 2021, Plaintiff filed another application for DIB benefits, alleging disability beginning January 13, 2013. (TR. 13). Initially and on reconsideration, the SSA denied Plaintiff's application. An administrative hearing was held on August 10, 2022 and a supplemental hearing was held on July 25, 2023. (TR. 13). In a written decision, the ALJ found: (1) the DIB claim was dismissed under the doctrine of *res judicata*, (2) no circumstances existed which would warrant a reopening of the decision dated September 23, 2015 which concerned Plaintiff's October 10, 2013 application for SSI benefits, and

(3) that the SSI application dated July 2, 2019 should be reopened because new and material evidence had been submitted relevant to that claim. (TR. 12-14).

Ultimately, the ALJ issued a fully favorable decision on that application, finding that Ms. Johnson was disabled from July 2, 2019 through August 24, 2023, the date of the ALJ's decision. (TR. 20). Despite the favorable decision, Ms. Johnson has filed the instant case, arguing that she "think[s] it is only fair, for the period of January 2013-August 2023, to be upheld as the insured date . . . . [because] [a]ll evidence verifies these disabled impairments did not just start in 2019, according to the severity of my mental illness, that I suffer on a daily, and my debilitation conditions and diseases." (ECF No. 11:1).

## II.    DISMISSAL OF PLAINTIFF'S CASE

As stated, in the most recent administrative decision, the ALJ found that because Ms. Johnson's alleged onset date of January 13, 2013 was almost ten years subsequent to her March 31, 2003 date last insured, she had not alleged a Title II claim for which relief could be granted. (TR. 14). Although Plaintiff contends that "the insured date" should be January 2013-August 2023, *see* ECF No. 11:1, she states that she understands that her insured date expired March 2003, which would render her ineligible for DIB benefits after that time. *See* Social Security Ruling Titles II and XVI: Onset of Disability, 1983 WL 31249, at *1 (1983) ("A title II [DIB] worker cannot be found disabled under the Act unless insured status is also met at a time when the evidence establishes the presence of a disabling condition(s)."). Given these principles, it appears as though Ms. Johnson is not challenging any of the DIB applications, but instead is requesting the Court

reopen and grant relief on her SSI application dated October 10, 2013 (with an alleged onset date of January 1, 2013).[1]

As stated, an ALJ denied Plaintiff's October 10, 2013 SSI application on September 23, 2015. (TR. 12). Following Ms. Johnson's appeal, the Appeals Council affirmed the ALJ's decision. (TR. 12). As a result, Plaintiff had 60 days from the Appeals Council's decision in which to seek judicial review of her claim by filing a civil action in federal Court. *See* 42 U.S.C. § 405(g) ("[a]ny individual, after any final decision of the Secretary ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow."). The social security regulations provide that the Secretary may extend the time for filing suit if the claimant demonstrates "good cause" in writing to the Appeals Council for the delay within the statutory period. 20 C.F.R. § 416.1482. The Secretary may also "reopen and revise" a decision after the time for obtaining direct review expires. 20 C.F.R. §§ 416.1487–416.1495. A case may be reopened: (1) within 12 months of the initial determination, for any reason; (2) within two years of the date of the notice of the initial determination, if the agency finds good cause; or (3) at any time if the decision was obtained by fraud or similar fault. 20 C.F.R. § 416.1488. A discretionary denial of reopening is not subject to judicial review. 20 C.F.R. § 416.1403(a)(5) (denial of a request to reopen a determination or decision is an administrative act not subject to judicial review).

---

[1] Because the ALJ granted relief on Plaintiff's July 2, 2019 SSI application, the only outstanding SSI application is the one dated October 10, 2013.

Here, Ms. Johnson failed to file a civil action to challenge the Appeals Council's denial of her October 10, 2013 SSI application and she has not argued that she has ever requested an extension of time to appeal for "good cause." *See supra*; ECF No. 11. Furthermore, the ALJ in the most recent hearing specifically found no reason to reopen the earlier case, nor has Ms. Johnson stated that she is entitled to a reopening based on allegations of "fraud or similar fault." Based on these circumstances, the Court dismisses Plaintiff's action.

## ORDER

The Court has reviewed the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **DISMISSES** Plaintiff's action.

ENTERED on May 14, 2024.

_____

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE